FILED

09/26/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0518

DA 21-0518

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 183N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

ROBERT CRAIG BRITZIUS,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Tenth Judicial District,
In and For the County of Fergus, Cause No. DC-2020-46
Honorable Jon A. Oldenburg, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Matthew Claus, MattClausLaw, PLLC, Billings, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Mardell Ployhar, Assistant
Attorney General, Helena, Montana

          Kent M. Sipe, Fergus County Attorney, Thorin Geist, Special Deputy
County Attorney, Lewistown, Montana

Submitted on Briefs:  July 12, 2023

Decided:  September 26, 2023

Filed:

               _____
                           Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Robert Craig Britzius appeals from his June 29, 2021 jury conviction in the Tenth Judicial District Court of the offense of driving under the influence of alcohol (DUI), fourth or subsequent offense, a felony, in violation of § 61-8-401(1)(a), MCA (recodified as § 61-8-1008, MCA). Britzius argues the District Court erred in denying his challenge to dismiss prospective juror M.P. for cause. We affirm.

¶3 At voir dire, during the June 28-29, 2021 trial, defense counsel asked prospective jurors whether they had family members who struggled with alcohol. M.P. responded that she grew up in an alcoholic family. Counsel then asked whether that life experience would give M.P. "pause" about being a good juror in Britzius' case. M.P. stated that she had "strong feelings towards DUIs." Counsel inquired further whether M.P. could "just brush [her experiences] under a rug and forget about" them during the trial. M.P. replied it would be "really hard to do." Counsel thus moved to dismiss M.P. for cause. Clarifying, the State then asked M.P. whether she could "listen to all of the evidence and remain impartial." M.P. stated "[y]es, I think I can." The State objected to Britzius' motion, which the District Court sustained.

¶4 Later, defense counsel again probed M.P. and asked whether she thought she could be a good juror on her case if she were the defendant, to which M.P. replied, "probably not I tend to be a little biased with DUI's." Counsel asked more pointedly whether M.P. felt she could "be fair and impartial then," and M.P. responded "[y]es, I know that I would have to be, so yes." Britzius subsequently dismissed M.P. from the panel with a peremptory challenge and exhausted the remainder on other jurors.

¶5 On appeal, Britzius contends the District Court's denial constituted a structural error that infringed upon his constitutional right to a fair and impartial jury. The State argues the District Court appropriately denied Britzius' motion after M.P. stated she could remain impartial on the jury.

¶6 We review a district court's denial of a for-cause challenge for abuse of discretion. *State v. Cudd*, 2014 MT 140, ¶ 6, 375 Mont. 215, 326 P.3d 417 (citation omitted). If a district court denies a legitimate for-cause challenge, the structural error must be reversed. *State v. Russell*, 2018 MT 26, ¶ 10, 390 Mont. 253, 411 P.3d 1260 (citation omitted).

¶7 Criminal defendants have a fundamental right to an impartial jury. U.S. Const. amend. VI; Mont. Const. art. II, § 24. A defendant may dismiss a prospective juror for cause if she has "a state of mind in reference to the case or to either of the parties that would prevent the juror from acting with entire impartiality and without prejudice to the substantial rights of either party." Section 46-16-115(2)(j), MCA. However, bringing relevant common experiences to a trial does not automatically render a juror incapable of making impartial decisions. *Russell*, ¶ 13 (citing *State v. Rogers*, 2007 MT 227, ¶¶ 8-9, 339 Mont. 132, 168 P. 3d 669).

3

¶8    A juror must be dismissed if she has "fixed opinions on the guilt or innocence of the defendant which they would not be able to lay aside and render a verdict based solely on evidence presented in court." *Great Falls Tribune v. Dist. Court of Eighth Judicial Dist.*, 186 Mont. 433, 439-40, 608 P.2d 116, 120 (1980).  Similarly, she must be dismissed "when a serious question arises about [her] ability to be fair and impartial," *Russell*, ¶ 14 (citing *State v. Golie*, 2006 MT 91, ¶ 8, 332 Mont. 69, 134 P.3d 95; *Cudd*, ¶ 6).  The totality of a prospective juror's responses is considered when determining whether a serious question arose regarding her ability to remain fair and impartial.  *State v. Heath*, 2004 MT 58, ¶ 18, 320 Mont. 211, 89 P.3d 947 (citation omitted).

¶9    We have previously reversed a denial of a for-cause challenge when a prospective juror explained DUIs were a "sore subject" for him because a drunk driver "shattered" his arm and was never charged.  *Golie*, ¶ 11.  The prospective juror stated he would "absolutely not" want to be judged by a juror that felt like him, but also that he could "probably" be fair to the defendant.  *Golie*, ¶ 11.  We reversed because the prospective juror's statements expressed bias that raised "serious questions" as to his state of mind, which "probably" was insufficient to overcome.  *Golie*, ¶ 28.

¶10    If the totality of a juror's responses indicates she can remain impartial despite previous life experience relevant to the case at bar, there is not a "serious question" as to the juror's state of mind.  *See Russell*, ¶ 20 (citing *Heath*, ¶ 18; *State v. Allen*, 2010 MT 214, ¶ 26, 357 Mont. 495, 241 P.3d 1045 (district court's denial of a for-cause challenge reversed when juror stated he would be "partial" to law enforcement)).  In *Russell*, a juror expressed doubts about his own impartiality after his sister had been injured, and

4

brother-in-law killed, by a drunk driver. *Russell*, ¶¶ 4, 17-18. Nevertheless, the juror stated he believed he could be fair in the case, and we affirmed. *Russell*, ¶¶ 7, 21. On the other hand, in *Heath*, a juror expressed similar doubts about her ability to remain impartial during a rape trial because she had personal experience as a stalking victim and as a rape survivor advocacy volunteer. *Heath,* ¶ 17. We found that she had demonstrated her ability to assess the evidence neutrally and remain fair and impartial. *Heath*, ¶ 35. Her doubts did not raise a serious question as to her state of mind, and we affirmed. *Heath*, ¶¶ 35-36.

¶11 There is no question that M.P. expressed doubts about her ability to remain impartial here. As with many jurors, she brought relevant life experience to Britzius' trial. Notwithstanding her doubts, M.P. consistently affirmed she could set her prior experience aside and remain neutral. In her final reply to defense counsel, she stated, unequivocally, "yes, I know that I would have to be [fair and impartial]," and that she could be. The totality of M.P.'s responses does not indicate she had a fixed opinion regarding Britzius' guilt, nor does it give rise to serious questions about her state of mind. The District Court did not abuse its discretion when it denied Britzius' motion to strike M.P. for cause.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶13  Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE